1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

TONY COBOS,                                    1:07-cv-01712 LJO DLB HC

12                    Petitioner,               FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DISMISSAL OF
13       v.                                     PETITION; ORDER DIRECTING CLERK OF
                                                COURT TO SEND BLANK 1983 COMPLAINT
14                                              FORM TO PETITIONER
HARTLEY, Warden
15                                              [Doc. 1]
                      Respondent.
16  _____/

17
18       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.

20       Petitioner filed the instant petition for writ of habeas corpus on November 27, 2007.

21  (Court Doc. 1.)  Petitioner contends that he has received inadequate medical care by the

22  California Department of Corrections and Rehabilitation.

23                              DISCUSSION

24       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

25  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it

26  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

27  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490

28  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the

1  petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §

2  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

3  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

4  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

5  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

6  1983 is the proper method for a prisoner to challenge the conditions of that confinement.

7  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

8  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

9           In this case, Petitioner is challenging the adequacy of the medical care provided by the

10  California Department of Corrections and Rehabilitation.  As such, Petitioner is challenging the

11  conditions of his confinement, not the fact or duration of that confinement.  Petitioner is not

12  entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to

13  pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

14                                              RECOMMENDATION

15           Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

16  DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas

17  corpus relief.

18           This Findings and Recommendation is submitted to the assigned United States District

19  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

20  the Local Rules of Practice for the United States District Court, Eastern District of California.

21  Within thirty (30) days after being served with a copy, any party may file written objections with

22  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

23  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

24  and filed within ten (10) court days (plus three days if served by mail) after service of the

25  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

26  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

27  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

28  Cir. 1991).

1

<u>ORDER</u>

2

    The Clerk of Court is DIRECTED to SEND Petitioner a blank civil rights complaint form

3

for prisoners seeking relief 42 U.S.C. § 1983.

4

   IT IS SO ORDERED.

5

**Dated:**   **January 28, 2008**                /s/ **Dennis L. Beck**

6

                           UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28